# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTOINETTE BANKS,<br><br>            Plaintiff,<br><br>vs.<br><br>DIRECT LOANS SERVICING CENTER,<br><br>            Defendant. | 2:12-cv-01163-PMP-CWH<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Amended Complaint (#7), filed December 17, 2012. Plaintiff is proceeding *in forma pauperis*. On December 10, 2012, the Court entered an order dismissing Plaintiff's amended complaint (#4) without prejudice and granted Plaintiff thirty (30) days to file an amended complaint correcting the noted deficiencies.

**I.      Screening the Second Amended Complaint**

The Court will now screen Plaintiff's amended complaint (#7). Federal courts are given the authority to dismiss a case at any time if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.

2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged.

**II.    Screening the Complaint**

**A.    Federal Question Jurisdiction**

Federal courts are courts of limited jurisdiction. Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

In its prior order, the Court determined that because Plaintiff did not allege a violation of "the Constitution, laws, or treaties of the United States" that there was no federal jurisdiction because a federal question is not present on the face of the Plaintiff's complaint. *See* Order (#5) at 2:19-21. Plaintiff's amended complaint (#7) suffers from the same defect as she has not alleged a violation of the Constitution, laws, or treaties of the United States. As before, she has not cited to any law under which she seeks to proceed. Accordingly, the Court finds there is no federal jurisdiction because there is no federal question present on the face of the amended complaint.

**B.     Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." As in its prior order (#5), the Court will assume that Plaintiff is a resident of Nevada. Unfortunately, Plaintiff has not fixed the deficiencies identified in the Court's prior order. She does not indicate the citizenship of the Defendant in her amended complaint and the amount in controversy does not appear to exceed $75,000. Thus, as before, the Court finds that Plaintiff has not demonstrated that diversity of citizenship could provide the basis for subject matter jurisdiction.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (#7) is **dismissed without prejudice**. Plaintiff shall have an additional thirty (30) days, or until **February 11, 2013**, to file an amended complaint.

**IT IS FURTHER ORDERED** that failure to correct the deficiencies noted herein will result in a recommendation that this case be dismissed with prejudice

DATED this 14th day of January, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge